# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TAMMY SUE MORTIMORE,<br><br>               Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No. EDCV 10-01567-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On October 21, 2010, Tammy Sue Mortimore ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on April 15, 2011. On June 16, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 42 year old female who is alleging disability beginning August 1, 2006. (AR 7.)  Plaintiff's SSI claim was denied initially on October 27, 2008, and on reconsideration on March 2, 2009.  (AR 7.)  She filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mason Harrell, Jr. on April 20, 2010, in San Bernardino, California.  (AR 7.)  Claimant appeared and testified.  (AR 7.)  Medical expert Samuel Landau and vocational expert ("VE") Corinne Porter also testified.  (AR 7.)  Claimant's sister, Melinda Wilkerson, also was present.  (AR 7.)  Claimant was represented by counsel.  (AR 7.)

The ALJ issued an unfavorable decision on May 20, 2010.  (AR 7-14.)  The Appeals Council denied review on September 20, 2010.  (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.      Whether the ALJ properly evaluated the lay witness testimony.

2.      Whether the ALJ properly assessed Plaintiff's credibility.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

1  This Court must review the record as a whole and consider adverse as well as

2  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

3  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision

4  must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a

5  reviewing court must consider the entire record as a whole and may not affirm simply by

6  isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting

7  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d

8  625, 630 (9th Cir. 2007).

9  **SEQUENTIAL EVALUATION**

10  The Social Security Act defines disability as the "inability to engage in any substantial

11  gainful activity by reason of any medically determinable physical or mental impairment which

12  can be expected to result in death or . . . can be expected to last for a continuous period of

13  not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner

14  has established a five-step sequential process to determine whether a claimant is disabled.

15  20 C.F.R. §§ 404.1520, 416.920.

16  The first step is to determine whether the claimant is presently engaging in substantial

17  gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is

18  engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert,

19  482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a

20  severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is

21  not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80

22  F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is

23  listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the

24  regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed

25  impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141.

26  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing

27  past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

28

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 8, 2008. (AR 9.)

At step two, the ALJ found that Plaintiff had the following medically determinable severe impairments: degenerative disc disease of the neck and low back; degenerative disease of the left knee; treated asthma; obesity; and panic disorder with agoraphobia. (AR 9.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

1    At step three, the ALJ determined that Claimant does not have an impairment or

2  combination of impairments that meets or medically equals the listed impairments in 20

3  C.F.R. Pt. 404, Subpt. P, Appendix 1.  (AR 9.)

4    The ALJ then found that Plaintiff had the RFC to perform sedentary work with the

5  following limitations:

6          . . . lifting and/or carrying 10 pounds frequently or occasionally; sitting 8

7          hours per 8-hour workday, with short stand/stretch breaks every hour and

8          normal breaks every 2 hours; standing and/or walking 2 hours per 8-hour

9          workday, 15 minutes at a time; using a cane as needed; prophylactically

10         avoiding uneven surfaces; with occasional stooping and bending; with no

11         stairs, ladders, work at heights, or balancing; with occasional operation of

12         foot pedals and controls on the left, no restriction on the right; with

13         occasional neck motion, but no extremes of motion, her head held in a

14         comfortable position most of the time and maintenance of a fixed head

15         position for 15-30 minutes at a time, occasionally; with the allowance to lie

16         down during her lunch break; allowing her to miss work 1-2 times a

17         month; allowing for ready access to a bathroom; and limited to simple

18         repetitive tasks, with no hypervigilance and no fast-paced work such as

19         rapid assembly lines.

20  (AR 10.)  In determining Plaintiff's RFC, the ALJ made an adverse credibility finding.  (AR 12-

21  13.)

22    At step four, the ALJ found that Claimant is unable to perform any past relevant work.

23  (AR 13.)  The ALJ nonetheless determined that Plaintiff can perform other jobs that exist in

24  the national economy in significant numbers, including charge account clerk, order clerk and

25  telephone quotation clerk.  (AR 13-14.)

26    Consequently, the ALJ concluded that Plaintiff was not disabled within the meaning of

27  the Social Security Act.  (AR 14.)

28

**DISCUSSION**

Plaintiff challenges the ALJ's adverse credibility determination and the rejection of lay witness testimony. The ALJ decision, however, is supported by substantial evidence and free of legal error.

**I. THE ALJ'S ADVERSE CREDIBILITY DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND FREE OF LEGAL ERROR**

Plaintiff alleges the worst pain is in her low back and hips, which never goes away. (AR 37-38.) She testified she does not "pick hardly anything up." (AR 39.) She does not sleep well and naps several times during the day. (AR 40.) She can stand for up to 15 minutes with a cane. (AR 42.) She can sit for 15 to 20 minutes (AR 41) but cannot endure prolonged sitting. (AR 47.)

The ALJ properly discounted Plaintiff's credibility as to symptoms beyond the assessed RFC. (AR 12-13.) The ALJ offered the following reasons for doing so:

> The claimant has admittedly applied for work during the period at issue.
> She is able to ambulate effectively and can walk one block at a
> reasonable pace over rough or uneven surfaces. She testified that
> headaches are controlled with massage. At hearing she responded well
> and was focused and attentive. There is no objective evidence of
> asserted restless leg syndrome. The claimant admittedly drives her
> children to and from school and is able to lift a gallon of milk. Indeed,
> daily activities are intact and there is no evidence of debilitating side
> effects of medication. Obesity is not morbid and is not associated with
> significant systemic or clinical compromise beyond orthopedic
> considerations; the claimant's cardiac condition is nonsevere, her asthma
> is stable and controlled, and her degenerative disease is not associated
> with symptoms or signs incompatible with the residual functional capacity
> as found herein. Asthma has not required emergent care (Exhibit 6F) and
> there has been no longitudinal mental health treatment. Dr. Dawson

1  noted that motivational factors affected the claimant's desire to return to

2  work, but did not identify ongoing pathology.  In sum, considered as a

3  whole the record does not reflect ongoing symptoms of concomitant signs

4  or findings consistent with the claimant's allegations.  The claimant's gait

5  is intact, degenerative changes are mild, neural signs are nonfocal, power

6  and reflexes are normal, and there is no evidence of nerve root

7  compression.

8  (AR 12-13.)

9  Plaintiff asserts that several of these reasons lack substantial evidence.  Plaintiff also

10  asserts that the ALJ decision failed to consider the effects of Plaintiff's medications in

11  assessing her credibility.  Plaintiff's arguments lack merit.  The ALJ decision is supported by

12  substantial evidence and free of legal error.

13  **A.    Relevant Federal Law**

14  The test for deciding whether to accept a claimant's subjective symptom testimony

15  turns on whether the claimant produces medical evidence of an impairment that reasonably

16  could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947

17  F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998);

18  Smolen, 80 F.3d at 1281-82 & n.2.  The Commissioner may not discredit a claimant's

19  testimony on the severity of symptoms merely because it is unsupported by objective

20  medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds

21  the claimant's symptom testimony not credible, the ALJ "must specifically make findings

22  which support this conclusion."  Bunnell, 947 F.2d at 345.  These findings must be

23  "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit

24  [the] claimant's testimony."  Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v.

25  Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there

26  is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of

27  her symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen,

28

80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

The ALJ determined that Plaintiff's medical impairments reasonably could be expected to cause her alleged subjective pain symptoms.  (AR 12.)  The ALJ, however, found that Plaintiff's symptoms were not credible to the extent inconsistent with her assessed RFC.  (AR 12.)  The ALJ made no express finding of malingering.  Thus, the ALJ must present clear and convincing reasons supported by substantial evidence to reject Plaintiff's credibility.

The ALJ decision explains in detail that Plaintiff's alleged symptoms are inconsistent with the medical evidence concerning all of her impairments, including her degenerative orthopedic conditions, asthma, obesity, cardiac condition, and mental health issues.  (AR 13.)  The medical findings are discussed elsewhere in the decision.  (AR 11-12.)  These include the opinions of medical expert Dr. Samuel Landau and the State agency reviewing physician who found Plaintiff capable of performing at least sedentary work despite her medical impairments.  (AR 11.)

Dr. Landau found that Claimant was able to lift/carry 10 pounds frequently, sit with normal breaks every two hours, and stand/walk in 15-30 minute segments.  (AR 11.)  His RFC took Claimant's pain allegations into account.  (AR 11.)  He found she could ambulate effectively.  (AR 11.)  He regarded the degenerative changes as mild.  (AR 11.)

The State agency reviewing physician found her asthma mild, gait normal, and mild left knee arthritis.  (AR 11.)  Dr. Puri did not opine impairment-related limitations and provided only conservative care.  (AR 11.)  Examination reports from Kaiser \Permanente were "generally mild."  (AR 11.)

Plaintiff is correct that the ALJ cannot discount her credibility solely on the basis of objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.

Medical evidence nonetheless may be considered as one factor in assessing credibility. Bunnell, 947 F.2d at 345 (ALJ may consider lack of objective medical evidence to corroborate claimant's subjective symptoms so long as it is not the only reason for discounting claimant's credibility); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); Rollins v. Massanari, 261 F.3d at 857 (objective medical evidence may not be sole reason for discounting credibility but is nonetheless a legitimate and relevant factor to be considered in assessing credibility). Plaintiff never acknowledges this legal standard or that objective medical evidence can be considered in assessing credibility. The ALJ correctly considered the inconsistent objective medical evidence along with other factors in discounting Plaintiff's credibility.

The ALJ, for example, found that Plaintiff's daily activities were "intact." (AR 12.) An ALJ properly may discount a claimant's credibility if her daily activities are inconsistent with her alleged subjective symptoms. Orn, 495 F.3d at 639; Burch, 400 F.3d at 676, 680-81. He noted that daily activities included "shopping, cooking, cleaning, doing household chores, paying bills, handling funds, enjoying music and sports, roller-skating, dancing, camping and talking with others." (AR 12.) She drives her children to and from school and is able to lift a gallon of milk." (AR 12.) These facts constitute substantial evidence supporting the ALJ's finding that daily activities are "intact." Plaintiff complains that the ALJ made a finding of moderate limitation in her daily activities (AR 9) but cites no authority that such a finding precludes the ALJ from also relying on those activities to discount Plaintiff's credibility. Plaintiff is simply interpreting the evidence differently. Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan, 169 F.3d at 599.

Plaintiff also does not address the ALJ's citation to Dr. Dawson's belief that motivational factors were affecting her desire to work. (AR 12, 13, 231.) Plaintiff seeks to disregard this and other factors cited by the ALJ by challenging their relevance but not by disputing those findings:

1              The ALJ gave other reasons that related to testimony and

2           statements about headaches, a cardiac condition, and restless leg

3           syndrome, medication side effects, obesity, asthma, a mental condition

4           for which her physician did not "identify ongoing pathology" (AR 12-13).

5           Those conditions are not relevant to this case; Plaintiff does not dispute

6           the ALJ's findings as to those findings.

7 (JS 15 fn.1.) Yet those factors were cited and relied on by the ALJ in assessing Plaintiff's

8 credibility. They are factors if true that bear on Plaintiff's credibility because they show a

9 tendency to embellish symptoms. They cannot be ignored. Plaintiff does not dispute them.

10      Plaintiff also asserted she cannot work because of medication side effects. She

11 contends that the ALJ decision failed to consider the side effects of Plaintiff's medications in

12 assessing her credibility. This assertion is incorrect. The ALJ decision specifically found that

13 "there is no evidence of debilitating side effects of medications." (AR 12-13.)

14 Unaccountably, Plaintiff says she does not dispute this finding. (JS 15 fn.1.)

15      The factors so far described are clear and convincing reasons supported by

16 substantial evidence sufficient to discount Plaintiff's credibility. There is no need to consider

17 the sufficiency of the evidence supporting the other factors listed by the ALJ in discounting

18 Plaintiff's credibility. Any error as to other factors would be harmless because they are

19 inconsequential to the non-disability determination. Carmickle v. Comm'r, Soc. Sec. Adm.,

20 533 F.3d 1155, 1162 (9th Cir. 2008.)

21      The ALJ considered appropriate factors in assessing Plaintiff's subjective symptoms.

22 Credibility determinations are the province of the ALJ. Russell v. Bowen, 856 F.2d 81, 83

23 (9th Cir. 1988). Where, as here, the ALJ offered specific, clear and convincing reasons for

24 rejecting Plaintiff's subjective pain testimony, and substantial evidence in the record supports

25 those findings, the ALJ's decision must be upheld. Fair v. Bowen, 885 F.2d 597, 604 (9th

26 Cir. 1989).

27

28

**II.    THE ALJ PROPERLY DISCOUNTED THE LAY WITNESS TESTIMONY**

Plaintiff's son Bruce Mortimore submitted a Third Party Function Report indicating that Plaintiff "is always in pain and she can't lift anything over a couple of pounds." (AR 172.) He also said she can walk only about 20 to 30 feet before needing to rest 25 to 30 minutes. (AR 172.) These assessments of Plaintiff's functioning conflict with the ALJ's RFC for Plaintiff.

At first, Plaintiff contended that the ALJ decision did not discuss or mention the son's lay witness statement found at AR 159-174. Plaintiff then conceded that the ALJ decision does in fact address the son's statement. The ALJ gave the following reasons for discounting it:

> Third-party statements have been considered (Exhibit 4E), but greater weight is accorded the objective evidence, the claimant's longitudinal clinical presentation, the testimony of the medical expert, and medical source statements of record.

(AR 10.)

Plaintiff continues to challenge the ALJ's reasons as not sufficiently specific. The ALJ, however, properly discounted the son's lay witness statement.

**A.    Relevant Federal Law**

Lay witness testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must make findings "germane to each witness, and supported by substantial evidence"). The reasons germane to each witness must be specific. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). Lay witness testimony cannot be disregarded without comment. Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). In rejecting lay witness testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those

11

1   reasons," and substantial evidence supports the ALJ's decision.  Lewis, 236 F.3d at 512.

2   The ALJ also may "draw inferences logically flowing from the evidence."  Sample v.

3   Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  The failure to address lay witness evidence is

4   not harmless unless the Court can conclude confidently that no reasonable ALJ, on crediting

5   the testimony, would reach a different disability determination.  Stout, 454 F.3d at 1054-56.

6   **B.      Analysis**

7   　　　　The ALJ gave consideration to the son's statement about Plaintiff's functional

8   limitations but gave greater weight to "the objective evidence, the claimant's longitudinal

9   clinical presentation, the testimony of the medical expert and medical source statements of

10  record."  (AR 10.)  Inconsistency with medical evidence is a germane reason for discounting

11  lay witness testimony.  Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).  Plaintiff

12  complains that the ALJ was not specific enough about what medical evidence was

13  inconsistent but the ALJ fully sets forth this evidence elsewhere in the opinion.  He

14  specifically describes the findings of medical expert Dr. Samuel Landau and the State

15  agency physician that Plaintiff had the capacity to perform at least sedentary work, and other

16  medical evidence, all heretofore set forth.  (AR 11.)

17  　　　　The son's statements, moreover, mirror the pain allegations described by Plaintiff

18  herself that were already discounted by the ALJ.  The ALJ did not expressly reject the son's

19  statement for any reason other than inconsistency with the medical evidence, but did

20  describe elsewhere in the decision that Plaintiff's symptoms were also inconsistent with her

21  daily activities and for other reasons already described.  These reasons also undermine the

22  son's statement.  The ALJ's failure to mention these other reasons when discussing the

23  son's statement was harmless because they were inconsequential to the decision.  Stout,

24  454 F.3d at 1054.56; Carmickle, 533 F.3d at 1162.

25  　　　　The son's statement, which is the same as the Claimant's, is not sufficient to

26  overcome the ALJ's reasons for discounting the symptoms alleged by both Claimant and her

27  son.  Where evidence is susceptible to more than one rational interpretation, the ALJ's

28  decision must be upheld.  Morgan, 169 F.3d at 599.

1       The ALJ properly discounted the son's statement.  The ALJ's decision is supported by

2  substantial evidence.

3                                        **ORDER**

4       IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

5  AFFIRMED and that this action is dismissed with prejudice.

6       LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8  DATED: July 6, 2011                                  */s/ John E. McDermott*
                                                           JOHN E. MCDERMOTT

9                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28